UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA                    PLAINTIFF/RESPONDENT

v.                        CASE NO. 4:04-CR-00011-1 GTE

WENDELL DAVID WILLIAMS                        DEFENDANT/MOVANT

### ORDER

Before the Court is Defendant Wendell-David Williams' Motion to Dismiss and Set Aside Illegal Portion of Sentence, filed *pro se*. The motion is time-barred and frivolous on the merits and must be dismissed.

I.    **Background**

The record reflects that on February 5, 2004, Williams entered a plea of guilty to Production of Child Pornography, a violation of 18 U.S.C. § 2251(a), pursuant to a written plea agreement. On May 27, 2004, Williams came before this Court for sentencing. On June 1, 2004, this Court entered judgment sentencing Plaintiff to 120 months' imprisonment, three years' supervised release, and a $100 special assessment.

On April 2, 2007, Williams commenced a civil action by filing what he characterized as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The case was filed in the Eastern District of Arkansas and assigned Case No. 4:07-cv-00326-GTE. The Court entered an Order advising Williams that any challenge to the validity of his sentence had to be brought

1

under 28 U.S.C. § 2255 and filed in the sentencing court.[1] The Court gave Williams the option of amending the motion to assert all of his § 2255 claims or withdrawing the motion.

Williams refused to do either. He argued that his filing was properly characterized as a habeas corpus petition pursuant to 28 U.S.C. § 2241 and that it would be detrimental to file it as a § 2255 petition. He later acknowledged that he recognized that he did not meet the one-year limitations period for the filing of motions under § 2255 and asserted a constitutional right to file a writ pursuant to 28 U.S.C. § 2241.[2] This Court then dismissed Williams' petition for lack of personal jurisdiction because Williams was (and apparently still is) incarcerated in Safford, Arizona.[3] Williams appealed the ruling to the Eighth Circuit Court of Appeals, which summarily affirmed this Court on July 30, 2007.[4]

On August 20, 2009, Williams filed the instant "Motion to Dismiss and Otherwise Set Aside Illegal Portion of Sentence" presently before the Court.

**II.     Discussion**

**A.     The motion is time-barred.**

As a threshold matter, Petitioner's §2255 petition is filed outside the one-year limitations period within which such claims must be filed. A section 2255 motion must be filed within one year of "the date on which the judgment of conviction becomes final." *See* 28 U.S.C. § 2255.

---

[1] *See* docket entry # 2 in E.D. Arkansas Case No. 4:07-cv-00326-GTE (hereafter referred to as "4:07-cv-00326").

[2] *See* docket entry # 7 in 4:07-cv-00326.

[3] *See* docket entry # 8, Order dated May 15, 2007, in 4:07-cv-00326.

[4] A copy of the Eighth Circuit Judgment is filed as docket entry # 18 in 4:07-cv-00326.

The Judgment and Commitment reflecting the sentence imposed on Williams was filed on June 1, 2004. Williams did not file an appeal. Accordingly, the sentence became final ten days later, on June 15, 2004. *See Wims v. United States*, 225 F.3d 186, 190 (2nd Cir. 2000)(conviction becomes final on the day the time to appeal expires).

Mr. William filed the instant motion on August 20, 2009, over 4 years <u>after</u> the June 15, 2005, expiration of the one year time period for filing a petition for relief under § 2255. Mr. William's § 2255 Petition is untimely filed and must be denied for that reason.

**B.     The motion is frivolous on the merits.**

Even if William's motion were timely filed and considered on the merits, it would be rejected as frivolous.

The Court imposed a sentence determined based on the statute of conviction, not the sentencing guidelines. A statutory minimum penalty of 10 years applied to William's plea of guilty to producing child pornography in violation of 18 U.S.C. § 2251(a). The maximum penalty permitted by the statute was 20 years. Williams was advised at his change of plea hearing on February 5, 2004, that he would receive a sentence of at least 10, but not more than 20 years. At sentencing he received the lowest possible sentence – a sentence of 10 years (or 120 months) imprisonment.

Williams appears to be suggesting that the sentence imposed was excessive because it was in excess of the sentencing guideline range initially computed under the sentencing guidelines as a range of 78 to 97 months based upon an offense level 28 and a criminal history category of I. In reality, however, the final guideline range was 120 months. "Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline

range, the statutorily required minimum sentence shall be the guideline sentence." *See* U.S.S.G. § 5G1.1(b). Thus, the minimum statutory sentence and the guideline sentence were the same – 120 months.

Petitioner also argues that he was effectively sentenced to a grand total of 156 months. He arrives at this number by adding the 36 months (or three years) of supervised release imposed to the 120 month term of imprisonment and, and therefore sentenced illegally. The Court rejects this argument.

Petitioner quotes liberally from a variety of cases. However, no case he cites supports the conclusion that he was sentenced illegally. Additionally, he also invokes the sentencing principles of landmark sentencing cases handed down by the Supreme Court in cases decided after his conviction became final – *Blakely v. Washington*, 542 U.S. 296 (2004) and *United States v. Booker*, 543 U.S. 220 (2005). The rules announced in these cases do not apply retroactively to criminal convictions that became final before those decision and thus cannot benefit movants in collateral proceedings. *Never Misses a Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005). Even if they did, the cases would not provide any basis for relief since Williams' sentence was determined by statute, rather than the sentencing guidelines which the *Booker* held to be advisory.

The principles of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), upon which Williams also relies, applied at the time of his criminal conviction, but do not help his cause. First, he is procedurally barred from raising an *Apprendi* issue now because he could have raised it on appeal, but failed to do so. *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001); *see also*, Swedzinski v. United States, 160 F.3d 498, 500 (8th Cir. 1998) (where issue is raised for the first

time in a § 2255 motion and petitioner did not raise issue at trial or on direct appeal, the issue is procedurally defaulted..)  Second, *Apprendi* has no legal or factual application here.  Williams contends that the case stands for the proposition that facts found other than a prior conviction which are used to enhance a sentence must be found by a jury and not by a sentencing court using a preponderance of the evidence standard.  But, his statutorily driven sentence was not enhanced using judge found facts.  *Apprendi* specifically reaffirms the discretion of judges "to exercise discretion – taking into consideration various factors relating both to offense and offender – in imposing a judgment within the range prescribed by statute." *Apprendi*, 530 U.S. at 481.

Williams received the lowest sentence permitted by the statute to which he pled guilty.  His challenge to the sentence imposed is rejected as frivolous.

### III. Conclusion

For the reasons stated above,

IT IS HEREBY ORDERED THAT Defendant/Movant Wendell-David Williams' Motion to Dismiss and Set Aside Illegal Portion of Sentence (docket entry # 12) be, and it is hereby, DENIED.

IT IS SO ORDERED THIS  22nd day of October, 2009.

>                    _/s/Garnett Thomas Eisele_____
>                    UNITED STATES DISTRICT JUDGE